UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MANUEL RODRIGUEZ,

      Petitioner,

  v.            Case No. 15-CV-478

WARDEN RANDALL R. HEPP,

      Respondent.

# DECISION AND ORDER

## I. Procedural History

Petitioner Manuel Rodriguez is incarcerated pursuant to a judgment of the Milwaukee County Circuit Court. (ECF No. 14-1.) On April 8, 2011, Rodriguez pled guilty to one count of first-degree sexual assault of a child and one count of repeated first-degree sexual assault of a child. (ECF No. 14-1.) As to the first offense, the court sentenced Rodriguez to 10 years in prison. (ECF No. 14-1.) As to the second offense, the court sentenced him to 10 years of initial confinement to be followed by 5 years extended supervision, to be served consecutive to count one. (ECF No. 14-1.)

On appeal to the Wisconsin Court of Appeals, Rodriguez's appointed attorney filed a no-merit report. (ECF No. 14-2.) As issues of potential merit, counsel raised the

question of whether Rodriguez's pleas were knowing, voluntary, and intelligent and whether the sentence imposed was an abuse of discretion. (ECF No. 14-2.) Rodriguez, pro se, responded to counsel's no-merit report wherein he expanded upon the claim that his plea was involuntary and added a claim that his trial counsel was ineffective. (ECF No. 14-3.)

The Wisconsin Court of Appeals summarily affirmed Rodriguez's conviction. (ECF No. 14-5.) The Wisconsin Supreme Court denied review. (ECF No. 14-8.)

Rodriguez filed the present petition for a writ of habeas corpus on April 23, 2015. (ECF No. 1.) He did not submit a brief along with his petition. The petition was randomly assigned to this court, and all parties subsequently consented to have this court enter final judgment. (ECF Nos. 3, 7.)

Rodriguez presented three claims for relief in his petition. Although presented as three claims, for purposes of review the court separates his first claim into two claims. Rodriguez first alleges that his trial counsel was ineffective for failing to investigate Rodriguez's version of events, the contradictions in the victims' statements, and one victim's history of making false statements. Second, he alleges that his plea was involuntary. Third, he alleges that he was denied the opportunity to present witnesses in his favor. Finally, he argues that his appellate counsel was ineffective because she failed to undertake any investigation into his case.

**II.     Mixed Petition**

Generally, before a petitioner may seek habeas corpus relief in federal court, he must first exhaust all available avenues for relief in the state courts. 28 U.S.C. § 2254(b)(1)(a); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). There is no indication that Rodriguez presented to any state court his claim that his appellate counsel was ineffective. Such a claim would ordinarily be presented to the Wisconsin Court of Appeals by what is commonly referred to as a *Knight* petition. *See State v. Knight*, 168 Wis. 2d 509, 484 N.W.2d 540 (1992). There is no indication that Rodriguez is foreclosed from presenting his claim for ineffective assistance of appellate counsel in this manner. Because Rodriguez has not exhausted his state court remedies as to that claim, it means that his habeas petition is "mixed" in that it contains both exhausted and unexhausted claims.

When a petition for a writ of habeas corpus contains even one unexhausted claim, federal law generally prohibits the court from granting the petition, even on a claim for which the petitioner has exhausted his state court remedies. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982). When the court identifies a petition as a mixed petition, the petitioner generally has two options. First, he could return to state court to exhaust his unexhausted claim, often accompanied by a request that the federal court stay the federal proceedings and hold his petition in abeyance while he does so. Second, he could withdraw his unexhausted claim, thereby enabling the court to consider the

merits of his exhausted claims but foregoing the opportunity to have a federal court consider the unexhausted claim.

However, stay and abeyance is appropriate in only limited circumstances. *Rhines v. Weber*, 544 U.S. 269, 277 (2005). If employed too frequently the stay and abeyance procedure would undermine Congress's goal of encouraging finality of state court judgments and streamlining federal habeas proceedings. *Id.* Thus, a stay is appropriate only if the claim the petitioner seeks to present in the state court is not clearly meritless. *Id.* Additionally, there must have been good cause for the petitioner's failure to have sought relief earlier in state court. *Id.*

Rodriguez does not ask this court to stay these proceedings and hold them in abeyance so that he can return to state court to exhaust his remedies regarding his claim of ineffective assistance of appellate counsel. Having not even requested that relief, Rodriguez obviously has made no effort to demonstrate that such relief is appropriate here. Nor has he presented any argument that good cause exists for his failure to have earlier sought relief on that claim in state court.

As a result, the court could dismiss the petition in its entirety without considering the merits of any of his claims. Because federal law generally limits a petitioner to a single petition for a writ of habeas corpus, dismissal would mean that Rodriguez likely would be forever barred from challenging any aspect of his conviction in a federal petition for a writ of habeas corpus. Consequently, as an alternative, the

4

court will deem Rodriguez's claim regarding the ineffective assistance of appellate counsel withdrawn and proceed to the merits of those claims as to which he has exhausted his state court remedies.

III. Standard of Review

A federal court may consider habeas relief for a petitioner in state custody "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). Following the passage of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may grant habeas relief only if the state court decision was "either (1) 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,' or (2) 'based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Miller v. Smith*, 765 F.3d 754, 759-60 (7th Cir. 2014) (quoting 28 U.S.C. § 2254(d)(1), (2)). It is not enough for the federal court to conclude that the state court's decision was incorrect. *Carter v. Butts*, 760 F.3d 631, 635 (7th Cir. 2014) (quoting *Williams v. Taylor*, 529 U.S. 362, 411 (2000); *Rastafari v. Anderson*, 278 F.3d 673, 688 (7th Cir. 2002)). Rather, the decision of the state court must have been unreasonable. *Id.* In the context of a decision that is allegedly contrary to clearly established federal law, the petitioner must show that "there is no possibility fair-minded jurists could disagree that the state court's decision conflicts with [Supreme Court] precedents." *Id.* (quoting *Harrington v. Richter*, 131 S. Ct. 770, 787 (2011)).

5

## IV. Voluntariness of Plea

Rodriguez's "guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Thus, a guilty plea generally closes the door to claims of constitutional error. Exceptions are claims that his guilty plea was involuntary, including instances where his plea was rendered involuntary due to the ineffective assistance of counsel. *See McMann v. Richardson*, 397 U.S. 759, 770-71 (1970).

In his petition, Rodriguez alleges he was "coerced and threatened into agreeing to a non-binding agreement." (ECF No. 1 at 3.) In his response to his appellate counsel's no-merit report, Rodriguez argued that his guilty plea was involuntary because he had not been informed that he was pleading guilty to a charge for which there was a mandatory minimum of 25 years of incarceration. (ECF No. 14-3 at 3.) He also stated that, although he can understand English, he does not have "indepth [sic] grasp of it." (ECF No. 14-3 at 4.) Therefore, he contended he should have been provided a translator. (ECF No. 14-3 at 4.)

As the court of appeals noted, Rodriguez was *not* subject to a 25-year mandatory minimum sentence. (ECF No. 1-1 at 3.) That minimum sentence became law in 2006.

(ECF No. 1-1 at 3.) Because Rodriguez was charged with conduct occurring before the change in the law, the 25-year mandatory minimum sentence did not apply in his case. (ECF No. 1-1 at 3.)

As for his claim that any limitation in his ability to understand English affected the voluntariness of his plea, the court of appeals noted that Rodriguez failed to point to any aspect of the proceedings that he did not fully understand. (ECF No. 1-1 at 3.) Rodriguez's claim to this court on this point is undeveloped. He offers no details as to the alleged coercion or threats he suffered or how his alleged lack of an "in-depth" grasp of the English language came into play. Thus, this court is not presented with any basis for concluding that his plea was involuntary, much less that the state court's decision rejecting that argument was unreasonable. As a result, the court must conclude that Rodriguez is not entitled to habeas relief on this basis.

## V. Ineffective Assistance of Trial Counsel

In light of Rodriguez's guilty plea, the court's focus regarding his claim of ineffective assistance of trial counsel is on whether any alleged error by his attorney rendered his guilty plea involuntary. Rodriguez must show a causal connection between the constitutionally ineffective assistance and his guilty plea. *See Hurlow v. United States*, 726 F.3d 958, 966 (7th Cir. 2013). Specifically, he must show "that the plea agreement was the product of ineffective assistance of counsel or tainted by ineffective assistance of counsel." *Id.* at 967 (internal quotation marks and citations omitted).

"*Strickland v. Washington*, 466 U.S. 668, 687 (1984), establishes a two-prong test for ineffective assistance of counsel claims: the defendant must first demonstrate that his counsel's performance was deficient, and second, that counsel's deficient performance prejudiced him." *Mertz v. Williams*, 771 F.3d 1035, 1041 (7th Cir. 2014). The *Strickland* standard is by itself deferential, and there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Mertz*, 771 F.3d at 1042 (quoting *Strickland*, 466 U.S. at 689). When the court is reviewing a claim of ineffective assistance of counsel by way of a petition for a writ of habeas corpus, the court's review is doubly deferential. *Campbell v. Smith*, 770 F.3d 540, 547 (7th Cir. 2014) (citing *Harrington v. Richter*, 562 U.S. 86, 105 (2011)). When reviewed in the habeas context, not only must the attorney's actions be outside "prevailing professional norms," but for a petitioner to obtain relief no reasonable jurist could disagree that counsel's performance was deficient. *See Harrington*, 562 U.S. at 105.

In his habeas petition Rodriguez alleges, "There is no court record showing that counsel made any motions for discovery. There are no records that exist to show that counsel made any requests of the police for police reports concerning the case or witnesses." (ECF No. 1 at 4.) He also alleges, "Counsel made no effort to investigate my version of events …[;] my claims that witnesses had made contradictory reports to police; that witnesses had a history of making false allegations." (ECF No. 1 at 3.)

As recounted by the Wisconsin Court of Appeals,

Rodriguez also argues that his trial counsel was ineffective by failing to investigate the following: (1) text messages by the victim in count one, sent to Rodriguez's granddaughter, stating that "Mother is going ballistic," "acting crazy," and "blowing all this out of proportion," and the victim's statement to Rodriguez's granddaughter that the victim refused to talk to police on three occasions; (2) a statement by the victim in count two, made to Rodriguez's daughter, that "maybe what I thought happened really didn't happen"; and (3) information that the victim in count three was placed in Rodriguez's care following the victim's claim that she had been sexually assaulted in her previous foster placement, and that a physical examination of the victim revealed no sign of sexual assault.

(ECF No. 1-1 at 5.) In response to his claim the court of appeals said:

None of the facts Rodriguez claims counsel should have investigated would have provided evidence of Rodriguez's innocence. The claimed text messages by the victim as to count one would have indicated that the victim's mother was extremely upset upon learning of the sexual assault. They also may have indicated that the victim, who was a teenager by the time the criminal complaint was filed, was not as upset as her mother when her mother first learned of the assault, which occurred when the victim was five to six years old. The messages do not indicate the sexual assault did not occur. Similarly, evidence that the victim refused to speak to police on three occasions would not have established Rodriguez's innocence, particularly in light of the fact that the victim ultimately disclosed the sexual assault to police.

Next, even if it had been established that the victim as to count two had made a statement to Rodriguez's daughter that "maybe what I thought happened really didn't happen," that would not have established that the charged sexual assault did not occur. According to the complaint, which was filed when the victim was a teenager, the sexual assault occurred when the victim was four to five years old. Significantly, the victim was able to provide a detailed statement to police as to that assault. One statement by the victim, apparently questioning her memory of the sexual assault, would not have established reasonable doubt that the assault did not occur.

9

Case 2:15-cv-00478-WED   Filed 10/11/16   Page 9 of 12   Document 15

> Finally, evidence that the victim as to count three had previously made a claim of sexual assault and there was no supporting physical evidence would not have established that the assault did not occur in this case. If Rodriguez means that counsel should have obtained evidence that there was no physical proof of the sexual assault in count three, that argument lacks arguable merit as well. The charges in count three were based on allegations of touching, digital penetration, and oral sexual contact, which would not have been likely to result in physical evidence.

(ECF No. 1-1 at 6-7.)

Rodriguez has not offered any argument as to why the court of appeals' decision was unreasonable. The court finds that the court of appeals' decision was not an unreasonable application of clearly established federal law.

As to the narrower question of whether his trial attorney's alleged errors rendered Rodriguez's guilty plea involuntary, the court is provided with no basis for concluding that it did. Significantly, after a presentence investigation raised questions as to whether Rodriguez truly acknowledged his guilt for the crimes to which he pled guilty, the court asked Rodriguez if he wished to withdraw his guilty pleas (or even simply to talk to his lawyer about withdrawing his guilty pleas). (ECF No. 14-10 at 5.) Rodriguez confirmed that he wished to proceed. (ECF No. 14-10 at 5.) There is no indication in the record that Rodriguez ever asked for a new attorney or complained about his attorney's performance. In short, aside from Rodriguez's unadorned allegations, there is nothing to suggest that any alleged ineffective assistance by Rodriguez's trial attorney led to him plead guilty. As a result, the court must conclude that Rodriguez is not entitled to habeas relief on this basis.

## VI. Right to Present Witnesses

Rodriguez also argues, "I was denied due process under 5th & 6th amendments by being denied the compulsory process to obtain witnesses and evidence in my favor, and ultimately forcing me to accept a plea and denying me the right to a jury trial." (ECF No. 1 at 3.) He continues, "There is no court record showing that counsel made any motions for discovery. There are no records that exist to show that counsel made any requests of the police for police reports concerning the case or witnesses. My reading and comprehension levels were too low at the time of my plea to attempt to mount a legal defense." (ECF No. 1 at 4.)

By pleading guilty, Rodriguez gave up any claim he might have had that his Sixth Amendment right to compulsory process was violated. *See Tollet*, 411 U.S. at 267. However, it appears that Rodriguez is actually arguing this his attorney's alleged failure to pursue discovery rendered his plea involuntary. Reframed in this manner, Rodriguez is again arguing that the ineffective assistance of trial counsel rendered his plea involuntary.

For the same reasons as articulated above, this claim also fails. Rodriguez does not identify any specific detail that, had it been uncovered by counsel's reasonable efforts, would have led Rodriguez to forego his guilty plea. There is no evidence that his attorney acted unreasonably, much less that any unreasonable conduct by his attorney prejudiced Rodriguez and led him to plead guilty.

## VII. Conclusion

Because Rodriguez pled guilty, to obtain habeas relief he must show that his plea was involuntary. Coercion, threats, or misinformation might render a guilty plea involuntary. However, Rodriguez has failed to develop any argument that his plea suffered from any such defect. Further, although baldly alleging that his trial counsel was ineffective, Rodriguez never points to any specific error that led to his guilty plea.

Rodriguez has failed to show that the court of appeals' decision was an unreasonable application of clearly established federal law or based upon an unreasonable determination of facts. Therefore, the court must deny his petition.

Finally, in accordance with 28 U.S.C. § 2253(c)(2) and Rule 11 of the Rules Governing Section 2254 Cases, the court finds that Rodriguez has failed to make a substantial showing of a denial of a constitutional right. Therefore, the court denies Rodriguez a certificate of appealability.

**IT IS THEREFORE ORDERED** that the petition for a writ of habeas corpus is **denied**. The Clerk shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 11th day of October, 2016.

WILLIAM E. DUFFIN
U.S. Magistrate Judge